**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

DAVID WILLIAMS                                                                    PLAINTIFF
ADC #78730

V.                                            NO: 2:10CV00039 JMM/HDY

KATHY STEWART *et al.*                                                        DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 22, 2010. Although Plaintiff originally named other Defendants, he is now proceeding on claims that Defendants Kathy Stewart and Moses Jackson retaliated against him for his grievances in September and October of 2006 regarding the denial of yard call, for succeeding in overturning a disciplinary charge, and for his reputation as a litigator.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on March 28, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence

presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.      Stewart wrote Plaintiff a disciplinary charge on November 1, 2006. The stated reasons for the charge were the possession of unauthorized property and failure to obey staff orders. Plaintiff was initially convicted of the violations, but his appeals were ultimately successful, and the charges were dismissed.

2.      Plaintiff was charged with the violations after a shakedown of his cell, which he says was ordered by Jackson when Plaintiff was returning from a classification review proceeding.[1]

3.      Retaliation for exercising constitutional rights is actionable. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure); *Sanders v. St. Louis County*, 724 F.2d 665, 666 (8th Cir. 1983) (inmate's constitutional right to access courts cannot be impaired, directly or indirectly, in retaliation for filing lawsuits).

4.      Plaintiff advanced several possible motives Defendants had for issuing him a retaliatory disciplinary charge. Plaintiff first testified that he had named each Defendant in various grievances prior to the disciplinary charge. Plaintiff also contends that his successful appeal of a disciplinary charge written by Brenda Perry, and his reputation as a litigator, provided a basis for

---

[1]Plaintiff attached a copy of the charge to his complaint. Stewart wrote that the shakedown was a "routine search" (docket entry #2, page #65).

3

Defendants to retaliate against him.

At the hearing, Plaintiff did not explain how the reversal of a disciplinary charge written by a non-party could form the basis for retaliatory actions by any Defendant, nor did he cite any specific grievances which he claims formed the basis for the alleged retaliation, but rather said the retaliation was based on the "totality of everything" that occurred in the months leading up to the charge.[2]  It appears that Plaintiff's theory is that he named Defendants in one or more grievances, and at some later point, those individuals wrote him a disciplinary charge, so the disciplinary charge must have been retaliation for his grievances.  With respect to his litigation activity, Plaintiff seems to be claiming that a general reputation for filing lawsuits was a motive for retaliation.  Such conclusory allegations do not constitute facts sufficient to create a fact issue to be submitted to a jury.  *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to prove actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam)(allegations of retaliation must be more than speculative and conclusory).  Accordingly, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury, and his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

---

[2]Based on Plaintiff's brief in support of his complaint (docket entry #4), it appears that he believes Stewart's primary motive for issuing the disciplinary charge was because of grievance EAM-06-1319, and that grievance EAM-06-1436 provided Jackson's primary motive.  EAM-06-1319 (docket entry #2, page #32) was dated September 10, 2006, and named Stewart, as well as a number of other individuals.  Likewise, EAM-06-1436 (docket entry #2, page #33), dated October 9, 2006, named Jackson, as well as numerous other guards.  Both concerned the alleged denial of yard call.  Although Defendants are named in the grievances, the numerous individuals named and lack of temporal proximity to the disciplinary charge compel a conclusion that they cannot serve as the basis for any retaliation claim.  Plaintiff's claims regarding denial of yard call are addressed in *Williams v. Harmon et al*, ED/AR No. 2:09CV44, where it was determined that Plaintiff voluntarily elected to not go to yard call.

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce

sufficient evidence to create a fact issue to be submitted to a jury.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this    31    day of March, 2011.


_____

UNITED STATES MAGISTRATE JUDGE